**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Home Care Staffing,** Plaintiff,

v.

**Minnesota Department of Human Services,** Defendant.

RECEIVED
AUG 11 2025
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

25-cv-3220-PAM/SGE

**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF**

**I. JURISDICTION AND VENUE**

- This action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983**, and claims arising under the **Americans with Disabilities Act**, **Rehabilitation Act**, and the **Federal Medicaid Regulations**.

- **Jurisdiction** is conferred upon this Court by **28 U.S.C. §§ 1331** (federal question jurisdiction), **1343** (civil rights actions), and **42 U.S.C. § 1983**. **Venue** is proper under **28 U.S.C. § 1391(b)** as all events giving rise to the claims occurred in the District of Minnesota.

**II. PARTIES**

- Plaintiff, Home Care Staffing, is a licensed Minnesota medical health provider with its principal office at 1821 University Avenue #494, Saint Paul, MN 55104. Home Care Staffing provides essential healthcare and housing stabilization services to disabled and homeless individuals under the Medicaid program.

- **Defendant, Minnesota Department of Human Services (DHS),** is a state agency headquartered in Saint Paul, Minnesota. DHS is a recipient of federal Medicaid funds and is responsible for administering Medicaid payments in the state of Minnesota.

**III. FACTUAL ALLEGATIONS**

- On **August 1, 2025,** Plaintiff received a written notice from Defendant suspending

1



- all Medicaid payments, effective immediately, based solely on unverified data-mining flags alleging fraud.

- The suspension took effect the same day the notice was issued and received, without prior warning, without providing Plaintiff a meaningful opportunity to be heard, and without compliance with the requirements of **42 C.F.R. §§ 455.2** and **455.23**, which mandate that Medicaid suspensions be based on verified fraud findings and subject to a proper hearing process.

- As a result of the suspension, Plaintiff lost **80%** of its staff and was forced to abandon hundreds of disabled and homeless clients dependent on its services. This resulted in irreparable harm to the health and well-being of these individuals who were deprived of essential services. This sudden staff loss is further evidenced in **Exhibit A** (Statement of Financial Loss), which outlines the financial damage caused by the suspension.

- Regarding **client JC**, a minor billing discrepancy occurred. The billing reflected an overbilling of units; however, this was tied to Plaintiff's contemporaneous need for increased units due to the heightened complexity of JC's case, requiring crisis intervention and additional coordination. The billing occurred during JC's renewal period, at which time units were refreshed, eliminating the need for a formal request. **JC** confirmed in writing that all billing was accurate and truthful.

- **Shortly before the suspension**, the complainant admitted to being under FBI investigation for fraud. Around the same time, Defendant announced a plan to shut down the entire program. The timing of the suspension and the announcement of the program shutdown strongly suggests that the termination was retaliatory and intended as a **cost-cutting measure** rather than a genuine attempt to address fraud.

- Despite this, we have confirmed that **the client in question regarding the fraudulent data mining allegation** has **not filed any complaint** and is unaware

2

of any such allegations. This client has reviewed all of her billing documents and confirmed their accuracy and truthfulness, which further undermines the credibility of the accusations.

## IV. CAUSES OF ACTION

### Count I – Violation of 42 U.S.C. § 1983 (Fourteenth Amendment Due Process)

- Defendant, acting under color of state law, deprived Plaintiff of property without due process by suspending Medicaid payments without verified fraud findings, prior notice, or a hearing. This violated Plaintiff's **Fourteenth Amendment** right to procedural due process, as established in **Goldberg v. Kelly**, 397 U.S. 254 (1970), which mandates a pre-deprivation hearing when an individual's property or benefits are at stake. The procedural due process requirements outlined in **Mathews v. Eldridge**, 424 U.S. 319 (1976), further support Plaintiff's right to a fair and timely hearing before any action is taken to suspend Medicaid payments.

### Count II – Violation of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)

- Defendant's actions had a disparate impact on disabled clients by removing essential housing stabilization services, thereby denying them equal access to federally funded programs. This violates **Title II** of the **Americans with Disabilities Act (ADA)**, which prohibits discrimination by public entities on the basis of disability, as established in **Olmstead v. L.C., 527 U.S. 581 (1999)**. The ADA mandates that individuals with disabilities have access to services that do not discriminate against them, including access to essential healthcare services.

### Count III – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

- By terminating services to qualified individuals with disabilities, Defendant engaged in unlawful discrimination in a federally funded program. This constitutes a violation of **Section 504 of the Rehabilitation Act**, which mandates that no qualified individual with a disability shall, on the basis of disability, be

excluded from participation in or be denied the benefits of any program receiving federal financial assistance, as set forth in **Alexander v. Choate**, 469 U.S. 287 (1985).

## Count IV – Violation of 42 C.F.R. §§ 455.2 and 455.23

- Defendant suspended Medicaid payments without conducting a credible allegation of fraud investigation with indicia of reliability as required by **42 C.F.R. §§ 455.2 and 455.23**. The lack of verified evidence of fraud and failure to follow procedural regulations is a clear violation of federal Medicaid regulations.

## Count V – Retaliation in Violation of ADA, Rehabilitation Act, and 42 U.S.C. § 1983

- Plaintiff engaged in protected activity by advocating for client rights and challenging unfounded fraud allegations. Defendant took materially adverse actions, including suspension of payments and public insinuation of fraud, in retaliation for Plaintiff's advocacy. This is a violation of federal retaliation standards, as outlined in **Burlington Northern & Santa Fe Railway Co. v. White**, 548 U.S. 53 (2006), which established that retaliation against individuals exercising their rights under federal law is prohibited.

**Count IX – Injunctive Relief and Declaratory Judgment-**Defendant, acting under color of state law, engaged in arbitrary and capricious conduct by suspending Medicaid payments without a rational basis, verified evidence, or consideration of the devastating consequences to Plaintiff's operations and the vulnerable clients it serves. The abrupt suspension—issued and implemented on the same day without prior warning—shocks the conscience and bears no reasonable relation to a legitimate governmental objective. Such conduct constitutes a violation of Plaintiff's substantive due process rights under the Fourteenth Amendment to the United States Constitution.

**Count VI – Violation of Substantive Due Process Rights (Fourteenth Amendment, 42 U.S.C. § 1983)**

Defendant's decision to suspend Medicaid payments without verified fraud findings, without compliance with 42 C.F.R. §§ 455.2 and 455.23, and without providing a meaningful opportunity to be heard, constitutes arbitrary and capricious agency action. This conduct violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and/or its Minnesota state law equivalent, in that the decision was not supported by substantial evidence, lacked a rational connection between the facts and the choice made, and failed to follow legally required procedures.

**Count VIII – Tortious Interference with Business Relations (State Law)**

Pursuant to 28 U.S.C. §§ 2201–2202 and applicable state law, Plaintiff seeks declaratory and injunctive relief to remedy the ongoing harm caused by Defendant's unlawful actions. Plaintiff requests a judicial declaration that Defendant's suspension of Medicaid payments violated Plaintiff's constitutional rights, federal Medicaid regulations, and state law. Plaintiff further seeks an injunction requiring Defendant to immediately reinstate all suspended Medicaid payments, cease retaliatory conduct, and restore Plaintiff's ability to provide uninterrupted services to clients. Without such relief, Plaintiff will continue to suffer irreparable harm, including the loss of staff, clients, and goodwill.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- **Award compensatory and punitive damages** in the amount of **$13,113,380.00**, calculated as follows:

    - **$137,200.00** for **Staff Payroll Loss** (See Exhibit B for payroll records).

    - **$995,860.00** for **Client Service Revenue Loss** (See Exhibit C for billing data).

    - **$30,000.00** for **Loss of Licensing Compliance Funding** (See Exhibit D for compliance funding documents).

    - **$11,950,320.00** for **Reputational Harm and Rebuilding Costs** (See Exhibit A for financial loss breakdown).

- Issue declaratory relief that Defendant's suspension of payments violated Plaintiff's rights under the **Fourteenth Amendment**, the **Americans with Disabilities Act**, the **Rehabilitation Act**, and federal Medicaid regulations;

- Order injunctive relief requiring the immediate release of all withheld Medicaid funds for valid claims;

- Order Defendant to cease any further retaliation and reinstate any services and

payments that have been wrongfully terminated due to Plaintiff's advocacy;

- Award reasonable attorneys' fees, costs, and other such relief as the Court deems just and proper.

DATED: 8/11/2025

Plaintiff – Pro Se

Home Care Staffing

1821 University Avenue #494, Saint Paul, MN 55104

Saint Paul, MN 55104

Phone: 612-900-6528

Email: Twyla55103@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of the foregoing complaint was served to the Defendant, **Minnesota Department of Human Services**, via the method specified by the Court.

### Exhibits

- **Exhibit A**: Statement of Financial Loss
- **Exhibit B**: Payroll Records
- **Exhibit C**: Client Service Billing Data
- **Exhibit D**: Licensing Compliance Funding Documents