# UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**Twyla Leach (Martin) Home Care Staffing,**
Plaintiff,

v. Civil Action No. 25-cv-3220

**Minnesota Department of Human Services (DHS),**
**UCare Minnesota,**
**HealthPartners, Inc.**
Defendants.

**RECEIVED**
AUG 2 5 2025
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

## SECOND AMENDED COMPLAINT

(Including Request for Emergency Injunctive Relief)

### INTRODUCTION

1. Plaintiff Home Care Staffing brings this action against Defendants Minnesota Department of Human Services ("DHS"), UCare Minnesota, and HealthPartners, Inc. for the unlawful suspension and withholding of Medicaid payments.

2. Defendants' conduct violates federal Medicaid statutes, federal regulations, constitutional due process rights, and contractual obligations.

3. Plaintiff seeks damages, restitution, declaratory relief, and immediate injunctive relief to prevent further irreparable harm, restore continuity of care to Medicaid beneficiaries, and preserve Plaintiff's operations.



## JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. § 1331** because this action arises under federal Medicaid law and the United States Constitution.

5. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because Defendants reside in this District and the events giving rise to the claims occurred here.

## PARTIES

6. Plaintiff Home Care Staffing is a Minnesota-based Medicaid provider delivering services under the Medical Assistance program.

7. Defendant Minnesota DHS is the state agency responsible for administering Medicaid in Minnesota.

8. Defendant UCare Minnesota is a managed care organization (MCO) contracted by DHS to administer Medicaid benefits.

9. Defendant HealthPartners, Inc. is a managed care organization contracted by DHS to administer Medicaid benefits.

## FACTS

10. Plaintiff rendered Medicaid-covered services in full compliance with state and federal law.

11. Plaintiff submitted claims that were timely, accurate, and qualified as "clean claims" under **42 C.F.R. § 447.45**.

12. DHS, relying solely on data-mining anomalies, issued directives to UCare and HealthPartners to suspend provider payments.

13. UCare and HealthPartners complied, unlawfully withholding payment for services already rendered.

14. Plaintiff was given no notice, hearing, or opportunity to appeal before the suspension was imposed.

15. Plaintiff submitted evidence establishing innocence and compliance, yet Defendants failed to reinstate payments or provide a reinstatement timeframe.

16. This "temporary" suspension became an indefinite, de facto permanent denial, without legal authority.

17. As a direct result, Plaintiff has suffered approximately **$25 million** in damages, including staff layoffs, business collapse, and disruption of care to Medicaid clients.

18. Plaintiff requires **$500,000** in immediate relief to stabilize operations and prevent further irreparable harm.

## DISCLOSURE OF RELATED STATE LITIGATION

19. Plaintiff discloses that it has filed a related civil action in Minnesota state court against DHS, UCare, and HealthPartners.

20. The state action asserts claims solely under Minnesota statutes and common law, including Minn. Stat. § 256B.064, breach of contract, tortious interference, unjust enrichment, and state due-process principles.

21. This federal action asserts claims arising solely under federal statutes, federal Medicaid regulations, and the U.S. Constitution.

22. The claims in this action are not duplicative of the state action. Instead, the two actions are complementary, ensuring that Plaintiff's rights are fully addressed under both federal and state law.

## COUNTS

### Count I – Breach of Contract (Against UCare Minnesota)
23. Plaintiff had a valid provider agreement with UCare.
24. Plaintiff rendered services and submitted clean claims.
25. UCare unlawfully withheld payments in breach of contract.

### Count II – Breach of Contract (Against HealthPartners, Inc.)
26. Plaintiff had a valid provider agreement with HealthPartners.
27. Plaintiff rendered services and submitted clean claims.
28. HealthPartners unlawfully withheld payments in breach of contract.

### Count III – Violation of Due Process (Against DHS) – 42 U.S.C. § 1983
29. Plaintiff has a property interest in Medicaid reimbursements.
30. DHS deprived Plaintiff of this interest without notice or hearing, violating the Fourteenth Amendment and *Goldberg v. Kelly*, 397 U.S. 254 (1970).

### Count IV – Tortious Interference with Contract (Against DHS)
31. Plaintiff had contractual relationships with UCare and HealthPartners.
32. DHS interfered by ordering payment suspensions.
33. This interference caused Plaintiff severe financial harm.

### Count V – Unjust Enrichment (Against All Defendants)
34. Plaintiff provided Medicaid services benefitting Defendants and their beneficiaries.
35. Defendants unlawfully withheld funds, unjustly enriching themselves.

### Count VI – Indefinite Suspension Without Reinstatement (Against All Defendants)
36. Defendants imposed an indefinite suspension based solely on data-mining anomalies.
37. Defendants failed to review or reinstate payments even after Plaintiff proved innocence.
38. This violated Plaintiff's due process rights and exceeded lawful authority.

### Count VII – Violation of 42 C.F.R. § 455.23 (Against All Defendants)
39. Federal law permits payment suspension only with "credible allegations of fraud."
40. Data-mining anomalies alone do not constitute credible evidence.
41. Defendants' indefinite suspension exceeded their authority.

### Count VIII – Failure to Reinstate After Resolution (Against All Defendants)
42. Federal law requires periodic review and reinstatement after resolution.
43. Defendants ignored Plaintiff's exculpatory evidence and failed to reinstate payments.
44. This prolonged suspension caused collapse of Plaintiff's operations and denial of care.

### Count IX – Violation of Access-to-Care Regulations (Against All Defendants)
45. **42 C.F.R. § 438.206** requires MCOs to ensure timely access to services.
46. Defendants' actions disrupted access for Medicaid beneficiaries, violating federal law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants, and prays that this Court grant the following relief:

1. **Immediate Injunctive Relief** – Issue a TRO and preliminary injunction ordering Defendants to release $500,000 in withheld payments immediately to stabilize Plaintiff's operations.

2. **Compensatory Damages** – Award damages of approximately $25 million for financial harm, staff loss, and business collapse.

3. **Restitution and Equitable Relief** – Order restitution of all unpaid Medicaid claims; impose a constructive trust if necessary.

4. **Declaratory Judgment** – Declare Defendants' indefinite suspension and reliance on data mining unlawful under federal law.

5. **Attorney's Fees and Costs** – Award fees under 42 U.S.C. § 1988.

6. **Punitive Damages** – Award punitive damages to deter future unlawful conduct.

7. **Programmatic Safeguards** – Require DHS and MCOs to implement safeguards against arbitrary payment stoppages.

8. **Other Relief** – Grant any other relief deemed just and proper.

# EXHIBIT INDEX

The following Exhibits are attached to and incorporated by reference in this First Amended Complaint:

- **Exhibit A** – DHS Letter of Payment Suspension dated August 1, 2025.

- **Exhibit B** – Statement of conversation with DHS investigator regarding suspension basis.

- **Exhibit C** – Client statements attesting that all billing and time visits were true and correct.

- **Exhibit D** – Plaintiff's billing records and service documentation showing compliance.

- **Exhibit E** – Payroll records and termination notices demonstrating workforce layoffs.

- **Exhibit F** – Client transition records reflecting inability to complete the mandatory 60-day transfer.

- **Exhibit G** – Financial records showing 60–180 day reimbursement delays and unpaid balances.

- **Exhibit H** – Proof of client relocation deposits advanced by Plaintiff pursuant to licensing requirements.

- **Exhibit I** – Client and family statements describing disruption of services and harm.

- **Exhibit J** – CPA financial loss statement due to unlawful allegations of fraud, violation of indicia of integrity, and reliance on data mining alone without verifiable allegations.

- **Exhibit K** – Medicaid requirements and policy excerpts showing payments may not be suspended without verified allegations of fraud.

**Respectfully submitted,**

Dated: August 25, 2025
St. Paul, Minnesota

---

**Home Care Staffing**
Pro Se Plaintiff